IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIA HUBERT, AUBREON HUBERT, ERIN BILLINGTON, and TIFFANY TAPIA, on behalf of themselves and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:20-cv-02450 |
| v. ) ) | JURY DEMANDED |
| OSWEGO JUNCTION ENTERPRISES LLC d/b/a PROHIBITION JUNCTION SPORTS BAR & GRILL, TILLMAN LIGGINS, and KEVIN FIALKO, ) ) ) ) ) | Judge Charles Kocoras  Magistrate Judge Jeffrey Gilbert |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiffs Natalia Hubert, Aubreon Hubert, Erin Billington, and Tiffany Tapia complain against Defendant Oswego Junction Enterprises LLC d/b/a Prohibition Junction Sports Bar & Grill, Tillman Liggins, and Kevin Fialko (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

### Introduction

1.  Defendants own and operate a bar and restaurant called Prohibition Junction Sports Bar & Grill ("Prohibition Junction"), located in Oswego, Illinois.

2.  Defendants engage in a scheme in which they pay their servers anywhere from $0 to $25 per day in cash, regardless of how many hours they work. They also do not pay servers overtime premium for hours worked in excess of forty in a workweek.

3. Plaintiffs, on behalf of themselves and others similarly situated, seek to recover unpaid minimum and overtime wages they are owed as a result of the Defendants' illegal payroll practices.

4. Plaintiff Tapia also brings claims for unlawful termination. Defendants fired her because she complained about Defendants' illegal conduct.

## Parties

5. Plaintiff Natalia Hubert worked as a server at Prohibition Junction from approximately May 30, 2018 to August 15, 2018.

6. Plaintiff Aubreon Hubert worked as a cook and security guard at Prohibition Junction from approximately June 29, 2018 to July 30, 2018.

7. Plaintiff Erin Billington worked as a server at Prohibition Junction from approximately October 1, 2019 to January 30, 2020.

8. Plaintiff Tiffany Tapia worked as a server at Prohibition Junction from approximately March 1, 2018 to July 2018.

9. Defendant Oswego Junction Enterprises LLC, d/b/a Prohibition Junction Sports Bar & Grill, is an Illinois limited liability corporation that owns and operates a bar and restaurant at 1031 Station Dr, Oswego, IL 60543, called Prohibition Junction.

10. Defendant Tillman Liggins is Prohibition Junction's restaurant manager. He implemented the pay policies alleged in this complaint and paid Plaintiffs less than the minimum wage and denied them overtime premiums for hours over forty in a workweek.

11. Defendant Kevin Fialko owns the limited liability company that owns Prohibition Junction. Fialko had decision-making authority over day-to-day operations at Prohibition Junction, including authority over the company's pay practices and hiring and firing decisions.

He also was aware of the unfair pay practices implemented by Liggins and chose not to stop them.

12. Prohibition Junction, Liggins, and Fialko employed Plaintiffs for purposes of the FLSA and IMWL.

### Enterprise Coverage

13. During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA, because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating Prohibition Junction.

14. Upon information and belief, the annual sales of Prohibition Junction exceed $500,000.00.

15. Plaintiffs and other workers handled materials that moved in interstate commerce when they performed work for Defendants.

16. In particular, Plaintiffs handled food and beverages, cups, plates, and silverware.

### Jurisdiction and Venue

17. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Kendall County and this judicial district.

18. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

### Facts

19. Plaintiffs Natalia Hubert, Billington, and Tapia worked for Defendants as servers during the past two years.

20. Defendants paid Plaintiffs Natalia Hubert, Billington, and Tapia and the other servers anywhere from $0 to $25 per day, even though they typically worked shifts in excess of six hours per day.

21. It was Defendants' policy to force servers to work only for tips or for tips plus a miniscule daily wage.

22. Aside from a $20 payment on her first day of work, Defendants never paid Billington any wage whatsoever. She only worked for tips.

23. Defendants paid Tapia $25 per day, regardless of the number of hours she worked. She was paid nothing for the first three or four days of work, which Defendants called, "training."

24. Defendants also did not pay Tapia for any work that she performed between June 29 – July 2, 2018. During this time, Prohibition Junction was hosting an event called VetFest 141.

25. On July 2, 2018, Tapia complained to Liggins and Fialko that she was not paid any wage for the many hours of work she performed during VetFest 141. That day or the following day, Fialko instructed Liggins to fire Tapia.

26. A few days after Tapia complained, Liggins informed Tapia that she did not need to report for her scheduled shifts. The week after that, Liggins permanently removed her from the schedule.

27. Defendants Liggins and Fialko fired Tapia because she complained about Defendants' minimum wage violations.

28. Defendants paid Natalia Hubert $25 per day, regardless of the number of hours she worked. Defendants paid Hubert nothing during the days she worked at VetFest 141.

29. In July 2018, Liggins sexually harassed Natalia Hubert, so Hubert complained about the sexual harassment to Fialko. In response, Fialko suspended Hubert from work for a period of one week and then fired her in retaliation for complaining about the harassment.

30. In July 2018, Natalia Hubert told Liggins that other servers were complaining about their low hourly pay. Liggins responded by informing Hubert that all the servers and bartenders got paid a flat rate of $25 per day, and if they didn't like it, they could quit.

31. In 2018, when Tapia began working at Prohibition Junction, Liggins told her that all of the Prohibition Junction servers were paid $25 per day.

32. Aubreon Hubert worked for Defendants as a security guard and then as a cook. During the four weeks of his employment, he worked for Defendants approximately twenty to thirty hours per week. For these four weeks of work, Defendants paid him a total of $200 to $300 in cash.

33. Every week that Plaintiffs Natalia Hubert, Billington, and Tapia worked at Prohibition Junction, Defendants paid them and the other servers at an effective hourly rate of less than $4.95 per hour.

34. Plaintiffs Natalia Hubert, Billington, and Tapia regularly worked for Defendants in excess of forty hours per week serving customers food and beverages at Prohibition Junction. For example, during the workweek of July 9, 2018 to July 15, 2018, Natalia Hubert worked forty-three hours.

35. Defendants never paid Plaintiffs Natalia Hubert, Billington, Tapia and the other servers one-and-a-half times their regular hourly rate of pay when they worked in excess of forty hours in a workweek.

36. Plaintiffs and the other servers received tips during some of their shifts, but Defendants never made the disclosures required by 29 C.F.R. § 531.59.

### FLSA Collective and Class Action Allegations

37. Plaintiffs Natalia Hubert, Billington, and Tapia bring the claims set forth in Count I, alleging violations of the FLSA minimum wage, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Minimum Wage Class,"** consisting of all servers who worked for Prohibition Junction between April 21, 2017 and April 21, 2020.[1]

38. Plaintiffs Natalia Hubert, Billington, and Tapia bring the claims set forth in Count II, alleging violations of the FLSA overtime provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all servers who worked for Prohibition Junction between April 21, 2017 and April 21, 2020 and who worked in excess of forty hours in a workweek.

39. Plaintiffs Natalia Hubert, Billington, and Tapia bring the claims set forth in Count III, alleging violations of the IMWL minimum wage provisions, as a Rule 23 Class Action on behalf of themselves and an **"IMWL Minimum Wage Class,"** consisting of all servers who worked for Prohibition Junction between April 21, 2017 and April 21, 2020.

40. Plaintiffs Natalia Hubert, Billington, and Tapia bring the claims set forth in Count IV, alleging violations of the IMWL overtime provisions, as a Rule 23 Class Action on behalf of themselves and an **"IMWL Overtime Class,"** consisting of all servers who worked for Prohibition Junction between April 21, 2017 and April 21, 2020 and who worked in excess of forty hours in a workweek.

---

[1] In Counts I and III, Aubreon Hubert brings individual FLSA and IMWL minimum wage claims on behalf of himself only.

6

41. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

42. The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, at least forty servers were paid less than the applicable minimum wage, and at least forty servers worked over forty hours in a workweek without being paid overtime premium pay.

43. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Defendants denied Plaintiffs and the putative Class Members overtime premium pay for hours worked in excess of forty in a workweek; and

    b. Whether Defendants paid servers less than the applicable minimum wage.

44. Plaintiffs Natalia Hubert, Billington, and Tapia will fairly and adequately protect the interests of all class members. They are members of each Subclass, and their claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

45. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

46. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

numerous individual actions would require.

47. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act – Minimum Wage Claim
### On Behalf of All Plaintiffs Against All Defendants

48. Plaintiffs incorporate all prior allegations as if fully stated herein.

49. Defendants employed Plaintiffs and other putative class members because Defendants permitted them to serve their customers and exerted substantial control over the manner in which the servers performed their work.

50. Defendants did not pay Plaintiffs or other putative class members $7.25 per hour for all hours worked in a workweek.

51. Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### Count II – Fair Labor Standards Act – Overtime Claim
### On Behalf of Plaintiffs Natalia Hubert, Billington, and Tapia Against All Defendants

52. Plaintiffs incorporate all prior allegations as if fully stated herein.

53. Defendants employed Plaintiffs Natalia Hubert, Erin Billington, and Tiffany Tapia and other putative class members because Defendants permitted them to serve their customers and exerted substantial control over the manner in which they performed their work.

54. Plaintiffs Natalia Hubert, Billington, and Tapia and other putative class members regularly worked more than forty hours per week for Defendants. Defendants never paid Plaintiffs Natalia Hubert, Billington, and Tapia and other putative class members time-and-a-half for hours worked over forty in a workweek.

55. Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### Count III – Illinois Minimum Wage Law – Minimum Wage Claim
### On Behalf of All Plaintiffs Against All Defendants

56. Plaintiffs incorporate all prior allegations as if fully stated herein.

57. Defendants employed Plaintiffs and other putative class members because Defendants permitted them to serve customers and exerted substantial control over the manner in which the servers performed their work.

58. Defendants did not pay Plaintiffs Natalia Hubert, Billington, and Tapia or other putative class members $4.95 per hour for all hours worked in a workweek.

59. Defendants did not pay Plaintiff Aubreon Hubert at least $8.25 per hour for all hours worked in a workweek.

## **PRAYER FOR RELIEF**

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representative of the IMWL Minimum Wage Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

f. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties on all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h. Awarding treble damages, pursuant to 820 ILCS 105/12(a).

i. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j. Awarding such other relief as this Court deems just and proper.

## Count IV – Illinois Minimum Wage Law – Overtime Claim
## On Behalf of Plaintiffs Natalia Hubert, Billington, and Tapia Against All Defendants

60. Plaintiffs incorporate all prior allegations as if fully stated herein.

61. Defendants employed Plaintiffs Natalia Hubert, Erin Billington, Tiffany Tapia and other putative class members because Defendants permitted them to serve customers and exerted substantial control over the manner in which they performed their work.

62. Plaintiffs Natalia Hubert, Billington, and Tapia and putative class members frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiffs and other putative class members one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs Natalia Hubert, Billington, and Tapia as the representative of the IMWL Overtime Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4a;

e. Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

f. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

k. Awarding penalties on all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

    l.   Awarding treble damages, pursuant to 820 ILCS 105/12(a).

    g.   Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

    h.   Awarding such other relief as this Court deems just and proper.

### Count V – IMWL and FLSA – Illegal Retaliation
### Brought By Plaintiff Tapia Against All Defendants

63.    Plaintiffs incorporate paragraphs 24-27 above.

64.    Defendants fired Tapia because she opposed Defendants' practice of paying her nothing for her work between June 29, 2018 – July 2, 2018.

### PRAYER FOR RELIEF

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

    a.   Awarding Plaintiff Tapia complete make-whole relief, including back pay with prejudgment interest, front pay, and emotional distress damages.

    b.   Awarding Plaintiff Tapia liquidated damages available under 29 U.S.C. § 216.

    c.   Awarding Plaintiff reasonable attorneys' fees and the costs and expenses of litigation.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

                                        Respectfully submitted,

                                        /s/   Christopher J. Wilmes
                                        One of the Attorneys for the Plaintiffs

Christopher J. Wilmes (Illinois Bar No. 6287688)
Kate E. Schwartz (Illinois Bar No. 6310130)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100