IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIA HUBERT, AUBREON HUBERT, ERIN BILLINGTON, and TIFFANY TAPIA, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 1:20-cv-02450 |
| v. | )<br>) | |
| OSWEGO JUNCTION ENTERPRISES LLC d/b/a PROHIBITION JUNCTION SPORTS BAR & GRILL, TILLMAN LIGGINS, and KEVIN FIALKO, | )<br>)<br>)<br>)<br>) | Magistrate Judge Jeffrey Gilbert |
| Defendants. | ) | |

**PARTIES' JOINT MOTION FOR APPROVAL OF THEIR
SETTLEMENT AGREEMENT**

Plaintiffs Natalia Hubert, Aubreon Hubert, Erin Billington, and Tiffany Tapia, and Defendants Oswego Junction Enterprises, LLC, Tillman Liggins, and Kevin Fialko ("Defendants"), by and through their attorneys, hereby move this Honorable Court for approval of their Settlement Agreement and dismissal of the case initially without prejudice and with leave to reinstate until August 30, 2021 for purposes of enforcing the parties' Settlement Agreement, at which time the dismissal will automatically convert to one with prejudice.

1. This is an action by restaurant workers to recover alleged unpaid wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C § 216 ("FLSA"), and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 & 4a. Defendants Oswego Junction Enterprises, LLC ("Oswego Junction") owns and operates a bar/restaurant in Oswego, Illinois doing business as Prohibition Junction, whose managing member is Mattoon Investments, LLC

("Mattoon"). Mattoon's managing director is Kevin Fialko ("Fialko"). Tillman Liggins ("Liggins") was acting as manager of Prohibition.

2. Plaintiffs Natalia Hubert, Aubreon Hubert, Erin Billington, and Tiffany Tapia, and opt-in Plaintiffs Hannah Walczak and Elizabeth Keeler allege that Defendants willfully violated the FLSA and IMWL by not paying them time-and-a-half for hours worked in excess of 40 in a workweek, and/or less than the applicable minimum wage. *See* 29 U.S.C. §§ 206-207; 820 ILCS 105/4-4a. Plaintiff Tapia also alleges that Defendants terminated her employment because she complained about being paid less than the minimum wage. 29 U.S.C. § 215. Defendants deny all material allegations.

3. Both Plaintiffs' Counsel and Defendants' Counsel have conducted thorough investigations into the merits of the potential claims and defenses and the damages to which Plaintiffs may be entitled if Plaintiffs prevail. The Parties engaged in informal discovery, including the production of data regarding Plaintiffs' pay, time records and other records showing hours worked, which Plaintiffs' Counsel reviewed and analyzed.

4. On May 12, 2021, the Parties reached a settlement after participating in a settlement conference facilitated by Magistrate Judge David Weisman. The Defendants and each of the six Plaintiffs subsequently memorialized their settlement into a confidential written Settlement Agreement. Plaintiffs' Counsel believes that the proposed settlement fairly and adequately resolves each Plaintiff's claim for alleged back pay, unpaid minimum wage, and overtime premiums, plus additional amounts in penalties provided under the FLSA and IMWL, plus attorneys' fees and costs.

5. The Settlement Agreement – which will be delivered confidentially to the Court's proposed-order e-mail account – identifies all terms of the settlement, including the individual

settlement awards that will be paid to each Plaintiff and the attorneys' fees and costs award that will be paid to Plaintiffs' Counsel. The attorneys' fees and costs are reasonable because they are less than the amount that Plaintiffs agreed to pay Plaintiffs' Counsel in Plaintiffs' signed retainer agreements and are significantly less than Plaintiffs' Counsel's lodestar to date.

6. In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at \*6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

7. As explained, the settlement was reached after discovery and at a settlement conference with Magistrate Judge Weisman. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded written and oral discovery of all Plaintiffs, and potentially filed dispositive motions. If Plaintiffs prevailed on their

3

claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

8. The Parties have attached a Proposed Order to this Motion and submitted it via e-mail to the Court's proposed order e-mail address. The settlement provides a payment plan in three installments. Therefore, the Proposed Order dismisses the case initially without prejudice, with leave to reinstate on or before August 30, 2021, only for purposes of enforcing the Parties' Settlement Agreement. If the Plaintiffs do not move to reinstate the case on or before August 30, 2021, then the Court's order will convert automatically to a dismissal with prejudice.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court: (1) grant the Motion; (2) enter the attached Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) initially dismisses Plaintiffs' Complaint and all other claims without prejudice with leave to reinstate on or before August 30, 2021, only for purposes of enforcing the Parties' Settlement Agreement; and (4) any other relief that the Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| /s/ Christopher J. Wilmes | /s/ Kenneth S. McLaughlin, Jr. |
| One of the Attorneys for the Plaintiffs | Attorney for the Defendants |
| | |
| Christopher J. Wilmes | Kenneth S. McLaughlin, Jr. |
| (Illinois Bar No. 6287688) | (Illinois Bar No. 6229828) |
| Kate E. Schwartz | MCLAUGHLIN & ASSOCIATES, P.C. |
| (Illinois Bar No. 6310130) | 1 E. Benton St., Suite 301 |
| HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD. | Aurora, Illinois 60505 |
| 70 West Madison Street, Suite 4000 | 630-449-4598 |
| Chicago, Illinois 60602 | |
| 312-580-0100 | |